IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAWRENCE WILLIAM WATSON, SR.,

                                                               OPINION AND ORDER
Plaintiff,

                                                           22-cv-104-bbc

    v.

DANE COUNTY CHILD SUPPORT AGENCY,
VALERIE BAILEY-RIHN, RHODA RICCARDI, and
CARLO ESQUEDA,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

         Pro se plaintiff Lawrence William Watson, Sr. has filed a document titled "Notice of Removal," along with an "Amended Complaint," in which he asks this court to terminate child support and income withholding orders issued in the Circuit Court for Dane County, Wisconsin, in Dane County case no. 2019PA121PJ and to order that he be reimbursed for past child support payments. Dkts. ##1, 3. He has named as defendants the Dane County Child Support Agency, the clerk of the Circuit Court for Dane County, and a Dane County Circuit Court commissioner and judge. It is plain from Watson's "notice of removal" that he did not comply with the procedural requirements of 28 U.S.C. § 1446, even if a state court case such as the one he challenges could be removed to federal court. (It cannot.) Further, there is no complaint before this court for him to "amend." Nevertheless, I will construe his notice of removal and amended complaint as a civil action for injunctive and monetary relief.

         Because plaintiff is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915, and has not made an initial partial payment, I must screen his complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be

granted or ask for money damages from a defendant who by law cannot be sued for money damages.  28 U.S.C. § 1915(e)(2)(B).  Moreover, I will consider the threshold question whether this court has subject matter jurisdiction over the claims he is trying to bring. McCready v. White, 417 F.3d 700, 702 (7th Cir. 2005).

This is the second lawsuit plaintiff has filed in this court regarding the child support orders issued by the Circuit Court for Dane County. See Watson v. Dane Cty. Child Support Agency et al. 19-cv-884-bbc.  As I explained to plaintiff in an order dismissing that case, this court lacks jurisdiction to consider his challenges to child support orders entered by a state court.  Id., 12/16/19 Order, dkt. #4; Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) (federal courts lack jurisdiction over domestic relations cases in which the relief sought would "involve[e] the issuance of a divorce, alimony, or child custody decree"); Golden v. Helen Sigman & Associates, Ltd., 611 F.3d 356, 361-62 (7th Cir. 2010) (holding that Rooker-Feldman barred review of claims related to a state court divorce and child custody proceeding).  If plaintiff is unhappy with the circuit court's orders, he should seek relief from the Wisconsin Court of Appeals, and if necessary, the Wisconsin Supreme Court. This federal court is not authorized to hear his claims.

ORDER

IT IS ORDERED that plaintiff Lawrence William Watson, Sr.'s complaint is DISMISSED for lack of subject matter jurisdiction.  The clerk of court is directed to close this case.

Entered this 18th day of March, 2022.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge